

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 0 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CASSANDRA R. BRADFORD-WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-968-A |
| | § | |
| SMILE BRANDS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

On December 6, 2018, plaintiff, Cassandra R. Bradford-Wilson ("Bradford-Wilson"), filed a complaint against defendants, Smile Brands, Monarch Dental, Sandra Horner, "C.N. Depak," Debra Coleman, "Jenny," Dawn Mathison, "Dr. Coleman," and "Dr. Patel."[1] Having considered the complaint and applicable authorities, the court finds that Bradford-Wilson's claims should be dismissed for lack of subject matter jurisdiction.

I.

Plaintiff's Claims

On December 6, 2018, Bradford-Wilson filed her original complaint against defendants in this court. Bradford-Wilson alleges that, during a series of medical appointments at Monarch Dental, defendants caused her physical pain and emotional distress. Bradford-Wilson contends that, by causing her such pain

---

[1] Bradford-Wilson does not provide the full names of "C.N. Depak," "Jenny," "Dr. Coleman," or "Dr. Patel." She mentions that "Jenny" is the office manager of Monarch Dental.

and distress, defendants committed, under Texas law, the torts of assault and battery, intentional infliction of mental and emotional distress, professional medical negligence, and professional medical malpractice. She also claims that, by causing her pain and distress, defendants violated the Eighth Amendment to the United States Constitution. Bradford-Wilson claims that 42 U.S.C. § 1983 provides her a right of action against defendants for these alleged violations. Bradford-Wilson further alleges that, in breach of contract, defendants failed to perform the dental work she hired them to perform.

In her complaint, Bradford-Wilson lists her address and defendants' addresses. Bradford-Wilson's address is in Arlington, Texas; Smile Brands' and Dawn Mathison's addresses are in Irvine, California; and the other defendants' addresses are in Bedford, Texas.

Bradford-Wilson argues that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.

II.

Applicable Legal Principles

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The complainant bears the burden of alleging facts demonstrating that the court has jurisdiction. Renne v.

2

Geary, 501 U.S. 312, 316 (1991). Federal courts presume that they lack jurisdiction "unless the contrary appears affirmatively from the record." Id.

This court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such actions include actions filed pursuant to 42 U.S.C. § 1983, which provides plaintiffs a right of action against defendants who, acting under color of state law, violate their federal constitutional or statutory rights. Another jurisdictional statute, 28 U.S.C. § 1343(a)(3), also gives this court jurisdiction over such actions.

This court also has original jurisdiction over actions where the matter in controversy is between citizens of different states and exceeds $75,000. 28 U.S.C. § 1332. Every plaintiff's citizenship must be diverse from every defendant's citizenship. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

III.

Analysis

Bradford-Wilson has failed to allege facts sufficient to establish subject matter jurisdiction under either of our jurisdictional statutes.

First, Bradford-Wilson alleges that defendants violated her Eighth Amendment rights. Her authority to sue for redress of such

3

rights is provided by 42 U.S.C. § 1983, which requires that defendants have acted under color of state law. But, she does not allege that defendants acted under color of state law. It appears that defendants are private individuals or corporations acting independent of any state authority, and Bradford-Wilson has pleaded no facts that would support a different conclusion. For this reason, she has not alleged a violation of federal law which would support a finding of federal question jurisdiction under 28 U.S.C. § 1331. For the same reason, she has not pleaded facts sufficient to establish jurisdiction under 28 U.S.C. § 1343(a)(3).

Bradford-Wilson also failed to allege that her citizenship is diverse from each defendant's citizenship. As a result, she has failed to establish diversity jurisdiction under 28 U.S.C. § 1332.

IV.

Conclusion and Order

Because Bradford-Wilson failed to allege facts demonstrating that this court has subject matter jurisdiction, this court finds that her claims should be dismissed. Therefore,

The court ORDERS that Bradford-Wilson's claims against defendants, Smile Brands, Monarch Dental, Sandra Horner, "C.N.

4

Depak," Debra Coleman, "Jenny," Dawn Mathison, "Dr. Coleman," and "Dr. Patel," be, and are hereby, dismissed.

SIGNED December 20, 2018.

_____
JOHN McBRYDE
United States District Judge